IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CLAY MEANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:19-cv-08002-LSC |
| | ) | (2:95-cr-00129-LSC-TMP-1) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

The Court has before it Petitioner Clay Means's ("Means's) Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For the reasons set forth below, the motion will be denied for lack of jurisdiction.

Since Means's sentence to life imprisonment was imposed in May 1996, which followed jury verdicts of guilty on 34 counts charging various offense under 21 U.S.C. §§ 846, 841 (a)(1), 843(b), 856, 859, 860, and 861, as well as offenses under 18 U.S.C. § 1956, Means has filed numerous § 2255 petitions and other frivolous post-conviction motions. This Court has recently recited his numerous attempts at seeking post-conviction relief and the courts' rejections of those attempts in a Memorandum of Opinion and Order entered on January 8, 2019, in

his underlying criminal case. *See* doc. 1987 in *United States v. Willie Clay Means*, 2:95-cr-00129-LSC-TMP-1. The instant motion appears to be his fifth § 2255 motion. *See generally Means v. United States*, 2:00-cv-8001-JHH; *Means v. United States*, 2:05-cv-8024-JHH; *Means v. United States*, 2:14-cv-8045-JHH; and *Means v. United States*, 2:14-cv-8049-JHH.

As with the previous three illegal second or successive petitions that Means has filed over the years, there is once again no indication that Means has obtained an authorizing order from the Eleventh Circuit before filing this motion. Accordingly, this Court is precluded from considering the successive § 2255 motion. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *see also United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

Means's § 2255 motion is due to be denied for lack of jurisdiction. Additionally, pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the Court has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability ("COA"). Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. §

2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.*

The Court finds that reasonable jurists could not debate its resolution of the claims presented in this habeas corpus petition. Accordingly, a COA will not issue from this Court. The Court will enter a separate order in conformity with this Memorandum of Opinion.

**DONE** AND **ORDERED** ON APRIL 29, 2019.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
160704